# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52573

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 1, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ADIN GIDEL GENIS MENDEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Power County. Hon. Javier Gabiola, District Judge.

Judgment of conviction and concurrent, unified sentences of ten years, with minimum periods of confinement of two years, for two counts of injury to a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Adin Gidel Genis Mendez pled guilty to two counts of injury to a child, Idaho Code § 18-1501(1). In exchange for his guilty plea, the State agreed to amend the charges in the instant case and dismiss a separate case in its entirety. The district court sentenced Genis Mendez to concurrent, unified terms of ten years, with minimum periods of confinement of two years, for each conviction. Genis Mendez appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

1

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Genis Mendez's judgment of conviction and sentences are affirmed.